De Ping Wang v. DHS

## UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: February 21, 2007                    Decided: April 19, 2007)

Docket No. 06-3298-ag

DE PING WANG,

        *Petitioner*,

    v.

THE DEPARTMENT OF HOMELAND SECURITY,
THE BOARD OF IMMIGRATION APPEALS,

        *Respondents.*

Before: KEARSE, CABRANES, and KATZMANN, *Circuit Judges*.

On May 31, 2006, petitioner De Ping Wang submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to the United States District Court for the Southern District of New York. The habeas petition, which challenged a final order of removal that had been entered against Wang by the Board of Immigration Appeals ("BIA") on June 7, 2002, was filed more than a year after Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252), foreclosed the use of habeas corpus to review removal orders. Relying on REAL ID Act § 106 and 28 U.S.C. § 1631, the District Court (Michael B. Mukasey, *Chief Judge*), *sua sponte* transferred the habeas petition to this Court. After the petition was docketed with this Court as a petition for review and Wang submitted a brief in support of his petition, the Government moved to dismiss the petition, arguing that the transfer was improper and that no other court had jurisdiction to consider the petition.

1

Petition dismissed.

De Ping Wang, Brooklyn, NY, *pro se*.

Scott Rempell, Trial Attorney, Office of Immigration Litigation (Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, Peter D. Kessler, Assistant Attorney General, Civil Division), United States Department of Justice, Washington, DC, *for Respondents*.

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner De Ping Wang, proceeding *pro se*, seeks review of a final order of removal entered by the Board of Immigration Appeals ("BIA") on June 7, 2002. He submitted a petition for a writ of habeas corpus challenging the removal order under 28 U.S.C. § 2241 to the United States District Court for the Southern District of New York on May 31, 2006. Relying on Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 ("REAL ID Act") (codified at 8 U.S.C. § 1252), which strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation, and 28 U.S.C. § 1631, which permits a court, "in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed,"[1] the District Court (Michael B. Mukasey, *Chief Judge*) *sua sponte* transferred the habeas petition to this Court. After the habeas petition was docketed in this Court as a petition for review and Wang submitted a brief in support of his petition, the Government moved to dismiss the petition.

We grant the Government's motion, concluding that (1) transfer was not available under the

---

[1] 28 U.S.C. § 1631 states:

   Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

REAL ID Act because Wang's petition was not pending when the Act became effective; (2) transfer was impermissible under 28 U.S.C. § 1631 because Wang's petition was untimely, *see* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."), and thus could not have been brought in this Court at the time it was filed in the District Court; and (3) Wang has alleged no facts that would make dismissal constitutionally suspect. Moreover, because district courts may no longer review removal orders via habeas corpus, the case cannot be transferred back to the District Court. Accordingly, the petition must be dismissed.

### BACKGROUND

Wang, a native and citizen of the People's Republic of China, arrived in the United States in November 1993. Shortly thereafter, he applied for asylum, alleging persecution on the basis of China's family planning policies. In December 1998, after a hearing, an Immigration Judge ("IJ") found Wang deportable by clear and convincing evidence and determined that he did not qualify for asylum or withholding of removal. On June 7, 2002, the BIA affirmed the IJ's decision without opinion. *See* 8 C.F.R. § 1003.1(e)(4) (authorizing BIA to affirm IJ's decision without opinion); *cf. Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006) (concluding that "we lack jurisdiction to review decisions by BIA members to affirm IJ decisions without opinion").

Wang did not file a petition for review of the BIA's June 7, 2002 decision. Nor did he file a petition for a writ of habeas corpus challenging the decision until May 31, 2006, when he submitted to the *pro se* office of the District Court a petition under 28 U.S.C. § 2241 and a motion for a stay of deportation.

On June 23, 2006, the District Court transferred Wang's habeas petition to this Court. The District Court stated that under § 106 of the REAL ID Act, which became effective on May 11,

3

2005, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." Order dated June 23, 2006, at 1 (quoting REAL ID Act § 106(a)(1)(B), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(5))). Citing to 28 U.S.C. § 1631, the District Court ordered the petition transferred to this Court "[i]n accordance with § 106 of the Real ID Act and in the interest of justice." *Id.* at 2. The District Court also directed that Wang's deportation be stayed pending further order of this Court.

The petition was docketed in this Court as a petition for review on July 14, 2006. On September 19, 2006, Wang submitted a brief in support of the petition. On December 11, 2006, the Government moved to dismiss Wang's petition for lack of jurisdiction. In its motion, the Government argued that the transfer was impermissible because this Court lacks jurisdiction over Wang's petition, which was not filed within 30 days of the BIA's decision, as required by 8 U.S.C. § 1252(b)(1), *see id.* ("The petition for review must be filed not later than 30 days after the date of the final order of removal."),[2] and that retransfer to the District Court would be improper because the REAL ID Act has eliminated habeas corpus review of orders of removal.

On February 26, 2007, we issued an order directing Wang to respond to the Government's motion within thirty days of the date of the order. In the order, we directed Wang to address the timeliness of his petition for review.

Wang filed a response to our order on March 20, 2007. In the response, Wang asserted that the District Court properly transferred his petition to this Court because no statute imposes a time limitation on the filing of a habeas corpus petition in federal court.

---

[2] Section 1252(b)(1)'s 30-day time limit was established by Congress in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 306(a)(2), 110 Stat. 3009-546, 3009-607 (1996).

DISCUSSION

We agree with the Government that Wang's petition must be dismissed. We lack jurisdiction over the transferred petition because it was not submitted within 30 days of the BIA's decision, and Wang has not alleged any facts sufficient to suggest that imposition of the 30-day filing deadline in his case would raise serious constitutional concerns. Neither the District Court, nor any other court, would have jurisdiction over Wang's petition after the passage of the REAL ID Act. Consequently, transfer back to the District Court would be inappropriate, and dismissal of the petition is required. *See Xiu Yan Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006).

Transfer of the petition was not permissible under § 106 of the REAL ID Act. Section 106(c) directs district courts to transfer § 2241 habeas petitions to the appropriate Court of Appeals, but only if the petitions were "pending in a district court on the date of the enactment" of the REAL ID Act—May 11, 2005. REAL ID Act § 106(c), 119 Stat. at 311. Wang's habeas petition was submitted to the District Court on May 31, 2006, more than a year after the REAL ID Act's enactment. Consequently, the REAL ID Act did not authorize the District Court to transfer Wang's petition to this Court. *See Xiu Yan Chen*, 435 F.3d at 790.

Nor was transfer permissible under 28 U.S.C. § 1631, *see* note 1, *ante* (quoting § 1631). If an action or appeal is mistakenly filed in the wrong court, § 1631 permits the court in which the action is filed, "in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. In *Paul v. INS*, 348 F.3d 43 (2d Cir. 2003), we held that § 1631 required a district court to transfer to this Court a petition for review that was mistakenly, but timely, filed in the district court. *See id.* at 46-47. But unlike the petition at issue in *Paul*, Wang's petition for review was not timely filed. While 8 U.S.C. § 1252(b)(1) requires a petition for review to be filed "not later than 30 days after the date of the final order of removal," Wang's petition was not received by the District Court until

5

almost four years after the BIA had entered a final order of removal. We have held that §

1252(b)(1)'s 30-day time limit is "a strict jurisdictional prerequisite." *Malvoisin v. INS*, 268 F.3d 74,

75 (2d Cir. 2001). Because we would have lacked jurisdiction over Wang's petition for review had it

been filed in this Court "at the time it was filed or noticed" in the District Court, transfer under §

1631 was not permitted.

Finally, we cannot retransfer the case to the District Court under § 1631 for consideration of

the petition because, as the District Court recognized, the REAL ID Act eliminated the availability

of habeas corpus as a separate means of obtaining judicial review of a final order of removal. *See*

*Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir. 2005) ("The REAL ID Act 'eliminates habeas corpus

review of orders of removal . . . .'" (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.

2005))). Because no court would have jurisdiction to hear Wang's petition were we to transfer it

elsewhere, we must dismiss it. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir.

2005) ("[C]ourts will not 'waste judicial resources by transferring a case that is clearly doomed.'"

(quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999))); *see also Xiu Yan Chen*, 435 F.3d at 790.[3]

We are mindful "that Congress, in enacting the REAL ID Act, sought to avoid the

constitutional concerns outlined by the Supreme Court in [*INS v.*] *St. Cyr*, which stated that as a

result of the Suspension Clause, '*some* judicial intervention in deportation cases is unquestionably

required by the Constitution.'" *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326 (2d Cir. 2006)

(quoting *INS v. St. Cyr*, 533 U.S. 289, 300 (2001)) (internal footnote omitted).[4] It is possible that in

some future case, the particular circumstances that prevented a petitioner from seeking review

within the 30-day time limit of § 1252(b)(1) would require us to reexamine whether that limit ought

---

[3] Accordingly, we reject Wang's argument that transfer was proper because there is no explicit time limitation on filing a habeas petition. Wang's habeas petition is barred, not by a limitations period, but by a provision of the REAL ID Act stripping district courts of jurisdiction to hear habeas petitions challenging final orders of removal.

[4] The Suspension Clause states that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2.

to be treated as jurisdictional now that the petition for review is the exclusive means of obtaining "judicial intervention in deportation cases." *Id.*

This is not such a case. Wang failed to challenge his final order of removal for almost four years, even though he could have filed a petition for review challenging the removal order in 2002 or a habeas petition at any time before the REAL ID Act foreclosed that option in May of 2005. *See Luya Liu v. INS*, 293 F.3d 36, 38, 40-41 (2d Cir. 2002) (permitting alien to seek judicial review of final order of removal via petition for writ of habeas corpus even though petition for review filed with Court of Appeals had previously been dismissed as untimely). Wang's submissions offer no excuse for his untimely filing, and he failed to act diligently to preserve his rights after passage of the REAL ID Act. *Cf. Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) ("This Court has held that '[e]quitable tolling requires a party to pass with reasonable diligence th[r]ough the period it seeks to have tolled.'" (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996))). Moreover, Wang has not argued that the REAL ID Act violates the Suspension Clause. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We will not reexamine our prior rulings concerning the time limit of § 1252(b)(1) in these circumstances. *See Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113-14 (2d Cir. 2000) ("[C]ourts may not pass upon the validity of a federal statute 'at the instance of one who fails to show that he is injured by the statute's operation.'" (quoting *N.Y. City Transit Auth. v. Beazer*, 440 U.S. 568, 583 n.22 (1979))).

## CONCLUSION

For the reasons stated above, Wang's petition is dismissed.

7