IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-20498
Summary Calendar

Celestina Ifeacho Joseph

Plaintiff-Appellant

v.

U.S. Immigration and Customs Enforcement

Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Texas
(07-CV-1993)

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Celestina Joseph (Joseph) a citizen of Nigeria, an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE) challenges the district court's dismissal of her habeas petition. The district court concluded that the "REAL ID Act" divested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders and dismissed her habeas petition for lack of jurisdiction. We find no error and affirm.

Petitioner was ordered removed from the United States and appealed that order to the BIA which found her ineligible for cancellation of removal and dismissed the appeal on May 11, 2005. On July 21, 2005, the BIA denied a request for reconsideration of the order. The BIA later denied a motion to reopen on January 25, 2006. On May 13, 2007, the BIA denied another motion to reopen to apply for cancellation of removal filed by petitioner on grounds that her husband would suffer a hardship. The BIA further denied her request to apply for relief under the United Nations convention against torture because the motion was untimely and barred by the applicable statue of limitations. On June 5, 2007, the BIA denied petitioner's untimely motion to reopen her claim with respect to human trafficking. Joseph filed her application for habeas corpus under 28 U.S.C. § 2241 with the district court on June 22, 2007. The only BIA orders issued within 30 days of the date petitioner sought relief in the district court are the May 18, 2007 and the June 5, 2007 orders denying Joseph's motions to reopen.

The district court concluded that the REAL ID Act divested it of jurisdiction over Joseph's § 2241 petition. This is clearly correct. See Hernandez Castillo v. Moore, 436 F.3d 516, 518 (5th Cir. 2006); Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).

The district court further observed that because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106 of the REAL ID Act is not applicable to this case. See De Ping Wang v. Department of Homeland Security, 484 F.3d 615, 616 (2d Cir. 2007). We agree. Because the petitioner's habeas petition was not filed until approximately two years after the enactment of the REAL ID Act, the district court correctly concluded that it is not transferable under § 106(c).

Petitioner makes no arguments to us regarding why or how the district court erred in concluding that it had no jurisdiction over petitioner's habeas petition. Joseph also does not argue that the district court had authority to transfer her petition to this court. In her brief to us she simply rehashes the arguments she made to the BIA as to why she should be entitled to cancellation of removal.

The district court correctly concluded that it had no jurisdiction to consider Joseph's habeas petition. The district court judgment is therefore

AFFIRMED.