Recardo Alphanso HAMILTON,
Petitioner,

v.

Michael B. MUKASEY,* Respondent.

Nos. 06–3064–ag, 07–1076–ag.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2007.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Recardo Alphanso Hamilton, Union Town, AL, pro se.

Keith I. McManus (Peter D. Keisler, Assistant Attorney General, Civil Division, and Cindy S. Ferrier, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Recardo Alphanso Hamilton ("Hamilton") brings two petitions for re-

view of a final order issued by the Board of Immigration Appeals ("BIA") denying a motion to terminate removal proceedings. *In re Hamilton*, No. A35 898 449 (B.I.A. June 2, 2006), *aff'g* No. A 35 898 449 (Immig. Ct. N.Y. City Jan. 31, 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### Docket Number 06–3064

Hamilton claims United States citizenship derivatively through his father, who became a naturalized United States citizen in 1972. To determine whether Hamilton has obtained derivative citizenship under 8 U.S.C. § 1432(a) (1997), "we apply the law in effect when [petitioner] fulfilled the last requirement for derivative citizenship." *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir.2005). The text of the (since-repealed) statute is set out in full in the margin.[1] When Hamilton arrived in the United States in 1976, Hamilton, an eleven-year-old, was living in the United States in his father's custody. Hamilton fails to satisfy any of the conditions in § 1432(a) that would entitle him to derivative citizenship because (1) Hamilton's mother did not become naturalized before Hamilton was 18 years old, as required to trigger § 1432(a)(1), and (2) Hamilton's parents were never married and therefore never legally separated, as required under § 1432(a)(3).

■ Hamilton contends that he is entitled to derivative citizenship notwithstanding his parents' failure to marry because his mother's intent to leave his father should qualify as a "legal separation of the parents" for purposes of § 1432(a)(3). We have rejected this argument. *See, e.g., Lewis v. Gonzales*, 481 F.3d 125, 130 (2d Cir.2007) ("That Lewis's parents never married does not alter our analysis. Subsection 1432(a)(3)'s first clause explicitly requires a legal separation; our function, which is limited to interpretation, does not allow us to obviate a literal requirement.").

■ Hamilton further contends that the IJ abused discretion in failing to postpone removal proceedings until Hamilton's pending application for citizenship was decided. Hamilton points to nothing in the record indicating that the IJ abused his discretion in denying the continuance. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006) (noting that an IJ's denial of a continuance is reviewed "under a highly deferential standard of abuse of discretion").

We do not reach Hamilton's argument regarding the designation of his criminal

---

1. A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

    (1) The naturalization of both parents; or
    (2) The naturalization of the surviving parent if one of the parents is deceased; or
    (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
    (4) Such naturalization takes place while such child is under the age of eighteen years; and
    (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (repealed 2001).

conviction as an aggravated felony because Hamilton failed to exhaust that issue before the BIA. *See* 8 U.S.C. § 1252(d)(1).

**Docket Number 07–1076**

 Because Hamilton's habeas corpus petition was not pending in the district court at the time the REAL ID Act became effective, the REAL ID Act did not authorize transfer of the petition to this Court. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617 (2d Cir. 2007). Neither was transfer permissible under 28 U.S.C. § 1631, because Hamilton's petition was filed more than 30 days after the BIA's final order (which would have made the petition untimely if initially brought in this Court, *see* 8 U.S.C. § 1252(b)(1)).

We have considered Hamilton's remaining arguments and find them to be without merit. For the reasons set forth above, the petition for review in docket number 06–3064 is hereby **DENIED** and the petition for review in docket number 07–1076 is hereby **DISMISSED** for lack of jurisdiction.