SAI PING CHEN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–1633–ag.

United States Court of Appeals, Second Circuit.

Dec. 17, 2007.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sai Ping Chen, a native and citizen of the People's Republic of China, appeals from the March 7, 2007 order of the United States District Court for the Southern District of New York (Wood, C.J.) granting the Respondent's motion to dismiss. We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

This Court reviews de novo the district court's dismissal of a § 2241 petition for lack of subject matter jurisdiction. *Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir. 2003); *Duamutef v. INS,* 386 F.3d 172, 178 (2d Cir.2004). Here, the District Court's decision was not in error, and, as such, must be affirmed.

As this Court has recognized, "the REAL ID Act eliminated the availability of habeas corpus as a separate means of obtaining judicial review of a final order of removal." *De Ping Wang v. Dep't of Homeland Sec.,* 484 F.3d 615, 618 (2d Cir. 2007); *see also Gittens v. Menifee,* 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act eliminates habeas corpus review of orders of removal . . . ." (internal quotation marks omitted)). Rather, the "sole and exclusive means" for challenging an order of removal is to file a petition for review with an appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Accordingly, the district court properly concluded that it had no jurisdiction to review Chen's habeas petition requesting that the court vacate and reverse the BIA's February 2003 decision denying her motion to reopen.

Because dismissal was proper, we do not reach Chen's arguments that clerical errors by this Court resulted in a violation of her due process right to a fair hearing in her earlier petition filed in this Court. Chen's arguments regarding the dismissal of her prior petition for review in Docket No. 03–4488 may be addressed, if at all, in an appropriate filing under that docket number.

For the foregoing reasons, we AFFIRM the district court's March 7, 2007 order.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.