# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2422

_____

| | | |
|---|---|---|
| Angelina Codina, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael Chertoff, Secretary of the | * | |
| United States Department of Homeland | * | [UNPUBLISHED] |
| Security; Mark Cangemi, Director of | * | |
| Detention and Removal, Minnesota | * | |
| District, United States Immigration and | * | |
| Customs Enforcement; Pat Carr, Jail | * | |
| Commander of Sherburne County Jail, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 10, 2008
Filed: July 24, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Angelina Codina, a native of Uruguay and citizen of Canada, appeals the district court's[1] dismissal of her 28 U.S.C. § 2241 petition for a writ of habeas corpus. For the reasons stated below, we affirm.

To the extent Codina's petition challenged her detention based on alleged procedural and clerical flaws in her removal proceedings, it essentially challenged her removal order, which the district court lacked jurisdiction to review in a habeas proceeding. See 8 U.S.C. § 1252(a)(5) ("sole and exclusive means" for challenging order of removal is to file petition for review with appropriate court of appeals); De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 618 (2d Cir. 2007) (REAL ID Act of 2005 eliminated availability of habeas petitions as separate means of obtaining judicial review of final orders of removal); cf. Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006) (petitioner's constitutional challenges to sufficiency of notice of removal hearing was in effect challenge to ultimate order of removal, thus district court's proper course of action was to transfer habeas petition to circuit court under REAL ID Act).

To the extent, however, Codina's section 2241 petition challenged her detention based on Zadvydas v. Davis, 533 U.S. 678 (2001), we agree with the district court that the petition lacked merit. The record establishes that, at the time the district court dismissed Codina's petition, her removal had been stayed by the Second Circuit, and she had a petition for review of her removal order pending before that court. Thus, she was not yet under a final order of removal, and no violation of Zadvydas could have occurred. See 8 U.S.C. § 1231(a)(1)(B)(ii) (if removal order is judicially reviewed and reviewing court orders stay of removal, removal period begins on date of court's final order); Zadvydas, 533 U.S. at 689, 701 (aliens ordered removed may not be detained indefinitely; alien is entitled to release if, after presumptively

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

reasonable six-month period to effect removal, there is "no significant likelihood of removal in the reasonably foreseeable future"); <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004) (de novo review of dismissal of § 2241 habeas petition).

Finally, we decline to address Codina's assertion raised for the first time on appeal that the district court should have released her on bond or granted her an outright release pending the disposition of her petition before the Second Circuit. <u>See</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914-15 (8th Cir. 2004).

The judgment is affirmed. Codina's pending motions are denied as moot.

_____