OPINION
BARRY, Circuit Judge.
Jacinto Jimenez appeals from an order of the District Court dismissing for lack of jurisdiction his petition for a writ of habe-as corpus pursuant to 28 U.S.C. § 2241. We will affirm.
I.
Jimenez, a native and citizen of Ecuador, entered the United States in 1989 without inspection. In 1997, his status was adjusted to conditional permanent resident upon his marriage to a United States resident, Rachel Molina. That marriage ended in divorce on February 5, 2002. On April 12, 2005, U.S. Citizenship and Immigration Services (“CIS”) terminated Jimenez’s conditional residency, citing his failure to establish that he entered into his marriage in good faith. Jimenez was subsequently placed in removal proceedings.
On February 6, 2006, the Immigration Judge (“IJ”) denied Jimenez’s request for cancellation of removal, but granted him voluntary departure. In its oral ruling, the IJ noted several evidentiary shortcomings that Jimenez now attributes to his former counsel, specifically, the failure to provide testimony or affidavits from other persons, including Jimenez’s former wife, and the brevity of Jimenez’s testimony.[1] The IJ also noted that Jimenez failed to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1), despite his counsel’s prior indication that such an application *196 was forthcoming.[2] (P.A. 12.) Jimenez, represented by the same counsel, appealed the IJ’s decision to the Board of Immigration Appeals (“BIA”), which dismissed the appeal on April 23, 2007.
On June 14, 2007, Jimenez, now represented by different counsel, filed a petition for a writ of habeas corpus in the U.S. District Court for the District of New Jersey, alleging that he received ineffective assistance during his removal proceedings. He sought a stay of removal and a new hearing. The Court dismissed for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), concluding that Jimenez was “essentially challenging his final order of removal by raising the alleged ineffective assistance of his prior counsel.” (P.A. 29.) The Court also ruled that transfer to this Court was inappropriate because Jimenez’s petition was not pending on the date the REAL ID Act was enacted.
II.
On May 11, 2005, Congress enacted the REAL ID Act, which, inter alia, amended the Immigration and Nationality Act (“INA”) to provide that petitions for review filed in the appropriate Courts of Appeals were to be the “sole and exclusive means for judicial review” of final orders of removal. See 8 U.S.C. § 1252(a)(5). Congress explicitly extended this channeling directive to encompass writs of habeas corpus seeking relief from orders of removal. See Kolkevich v. Att’y Gen’l of U.S., 501 F.3d 323, 326 (3d Cir.2007). Congress also provided that petitions challenging orders of removal pending in a district court on the date of enactment were to be transferred to the appropriate Court of Appeals and construed as petitions for review. See REAL ID Act § 106(c).
Jimenez’s petition, though not explicitly styled as a challenge to his removal order, calls for vacating the BIA’s decision upholding the order of the IJ; indeed, Jimenez specifically asked the District Court to grant him a new removal hearing. Accordingly, the Court properly cast the petition as a challenge to an order of removal and determined that it lacked jurisdiction over that claim pursuant to the REAL ID Act. Moreover, as Jimenez’s petition was not pending when the REAL ID Act was enacted — in fact, it was filed more than two years after enactment — the Court correctly determined that the petition was not subject to transfer to this Court. See De Ping Wang v. Dep’t of Homeland Sec., 484 F.3d 615, 617 (2d Cir. 2007) (holding that REAL ID Act did not authorize district court to transfer to the court of appeals a petition for habeas corpus filed after enactment).
We note that this is not a petition directly from the BIA to this Court seeking review of the removal order; rather, we are asked to review the District Court’s order as in any other appeal. Although counsel for Jimenez writes that, “[cjonsis-tent with the District Court’s opinion, this Petition is being filed with the District Court of Appeals [sic]” (Jimenez Br. 4), Jimenez has not filed a petition in this Court. Instead, he has merely provided a copy of the petition originally filed in the District Court as part of his appeal of that Court’s final judgment. Because the *197 Court did not err in dismissing the petition for lack of jurisdiction, we will affirm the order of the District Court.[3]

. Jimenez’s ineffective assistance argument finds some support in the IJ's statement that “the respondent has been represented by [then] current counsel for almost ten years or more and little effort was made to establish eligibility for relief or document the claim.” (P.A. 17.)

. We express no view on whether Jimenez can move to reopen his removal proceedings on ineffective assistance of counsel grounds in order to press his claim for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

. Cancellation of removal under 8 U.S.C. § 1229b(b)(1) is available to an alien who has been physically present in the United States for at least 10 years, has been a person of good moral character, has not been convicted of a specified criminal offense, and has established that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)( 1 )(A)-(D). Jimenez claims that he meets these criteria.