08-1466-pr
Meleance v. Board of Immigration Appeals

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

_____

Daniel Meleance,

> *Petitioner-Appellant,*

v.                                                          08-1466-pr

Board of Immigration Appeals,
U.S. Department of homeland Security,

> *Respondent-Appellee.*

_____

**FOR APPELLANT:**          Daniel Meleance, *pro se*, Rome, N.Y.

**FOR APPELLEES:**          Lev L. Dassin, Acting United States Attorney for the Southern District of New York; Natasha Oeltjen, Ross E. Morrison, Assistant United States Attorneys, Of Counsel, New York, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED,** and **DECREED,** that the judgment of the district court be and hereby is **AFFIRMED** and the motion for a stay of removal is **DENIED** as moot.

Appellant Daniel Meleance, *pro se,* appeals from the judgment of the district court dismissing his 28 U.S.C. § 2241 petition for lack of jurisdiction. Meleance also moves for a stay of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* a district court's legal conclusion that it lacked subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The REAL ID Act of 2005, enacted May 11, 2005, amended federal law to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" 8 U.S.C. § 1252(a)(5). Since Meleance filed his § 2241 petition challenging his order of removal after the

2

enactment of the REAL ID Act, the district court therefore lacked jurisdiction over his § 2241 petition.

The district court properly declined to transfer Meleance's petition to this Court. Although the REAL ID Act directs district courts to transfer § 2241 petitions to the appropriate Court of Appeals, that provision applies only to petitions that were pending at the time the REAL ID Act was enacted. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 616-17 (2d Cir. 2007). Meleance filed his § 2241 petition well afterward.

Although 28 U.S.C. § 1631 permits a district court to transfer an appeal mistakenly filed in the wrong court, the district court may do so only if the "appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. A petition for review of a Board of Immigration Appeals decision must be filed within 30 days of the agency's decision. 8 U.S.C. § 1252(b)(1). Transfer from the district court is not permitted pursuant to § 1631 if the petition is improperly and untimely filed in the district court, because this Court would lack jurisdiction to consider it had the petition been filed in this Court at that time. *See De Ping Wang*, 484 F.3d at 618. The BIA denied Meleance's motion to reopen on September 12, 2007;

3

that constituted a final order, so he had until October 12, 2007 to file a timely petition for review. *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001). Meleance did not file his § 2241 petition until October 30, 2007 at the earliest. The district court correctly declined to transfer the untimely petition. *See De Ping Wang*, 484 F.3d at 618.

To the extent Meleance sought to raise a nationality claim based on his father's naturalization, this Court lacks jurisdiction to consider it because it is untimely. *See* 8 U.S.C. § 1252(b)(1), 1252(b)(5)(C); *Malvoisin*, 268 F.3d at 75.

Finally, to the extent Meleance originally sought to raise an as-applied Suspension Clause challenge to the REAL ID Act of 2005, he fails to raise such a claim in his brief and it is therefore waived on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the judgment of the district court is AFFIRMED and the pending motion for a stay removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk