[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11052

Non-Argument Calendar

_____

SOUL QUEST CHURCH OF MOTHER EARTH,
INC.,
CHRISTOPHER YOUNG,

                                                            Petitioners,

*versus*

U.S. DRUG ENFORCEMENT ADMINISTRATION,
U.S. ATTORNEY GENERAL,
ACTING ADMINISTRATOR OF THE U.S. DRUG
ENFORCEMENT ADMINISTRATION,

                                                            Respondents.

_____

2                    Opinion of the Court                    22-11052

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Soul Quest Church of Mother Earth, Inc. ("Soul Quest")[1] seeks review of the Drug Enforcement Administration's ("DEA")[2] final decision denying it a religious exemption to the Controlled Substances Act ("CSA"). The DEA moved to dismiss the petition, arguing that it was untimely. We agree with the DEA. After careful review, we grant the DEA's motion and dismiss Soul Quest's petition.

## I.        BACKGROUND

We laid out the facts relevant to Soul Quest's failed petition for a religious exemption to the CSA in a recent opinion, *Soul Quest Church of Mother Earth, Inc. v. Attorney General* (*Soul Quest I*), __ F.4th __, No. 22-11072, 2023 WL 8714320 (11th Cir. Dec. 18, 2023). Thus, we discuss only the facts relevant to this appeal.

---

[1] Soul Quest petitioned for review joined by Christopher Young, its spiritual leader. For simplicity's sake, we refer to the petitioners collectively as "Soul Quest."

[2] Soul Quest named as respondents to its petition the DEA, the Administrator of the DEA, and the Attorney General of the United States. For simplicity's sake, we refer to respondents collectively as the "DEA."

### A. Soul Quest's Petition for a Religious Exemption and Its Lawsuit in District Court

On August 21, 2017, Soul Quest, through its attorney, petitioned the DEA for a religious exemption to the CSA. The petition sought an exemption to the CSA "specifically as it pertain[ed] to the ritual use by Soul Quest of ayahuasca for its sacramental activities." AR at 51.[3]

The DEA initially did not respond to Soul Quest's petition. After three years with no response, Soul Quest filed an action in district court, claiming that the DEA's failure to respond to its petition violated its right to the free exercise of religion and its rights under the Religious Freedom Restoration Act ("RFRA").[4] The lawsuit apparently caught the DEA's attention, because the agency soon communicated with Soul Quest confirming receipt of the religious exemption petition. Following negotiations with Soul Quest, the DEA conducted the investigation necessary to evaluate Soul Quest's religious exemption request.

Finally, on April 16, 2021, the DEA sent a Soul Quest a letter denying its petition for a religious exemption to the CSA. In the

---

[3] "AR" refers to the administrative record.

[4] As we summarized in *Soul Quest I*, "RFRA prohibits a federal agency like the DEA from burdening an individual's free exercise of sincerely-held religious beliefs unless the agency can show that the burden advances a compelling governmental interest and is carried out with the least restrictive means." 2023 WL 8714320, at *1 (citing 42 U.S.C. § 2000bb-l(b)).

letter, the DEA explained that the church had not met its burden under RFRA to show that its members' beliefs were sincerely held and that its use of ayahuasca was part of a religious exercise. In addition, the DEA found compelling governmental interests in maintaining public safety and preventing diversion of the controlled substance into improper channels. And it found that the CSA's prohibitions furthered those compelling interests with the least restrictive means. The letter concluded "[t]his letter is a final determination under 21 U.S.C. § 877." *Id.* at 9.

Instead of filing a new action, Soul Quest sought review of the DEA's denial by amending its complaint pending in district court. In the amended complaint, Soul Quest challenged the merits of the DEA's final decision. The district court dismissed the action for lack of subject matter jurisdiction, relying on 21 U.S.C. § 877, which requires a party aggrieved by a final decision made under the CSA's Control and Enforcement subchapter to obtain judicial review from an appropriate federal circuit court of appeals—not a federal district court.[5]

## B. Procedural History

After the district court ruled, Soul Quest filed this petition for review of the DEA's decision in this Court on April 4, 2022. Among other claims, Soul Quest asserted that the DEA exceeded

---

[5] Soul Quest timely appealed the district court's dismissal on the same day it filed this petition for review. In *Soul Quest I*, we affirmed the district court's dismissal. 2023 WL 8714320, at *16.

its authority and violated Soul Quest's constitutional rights by denying the exemption based on the agency's evaluation of the church's religious beliefs. Soul Quest also challenged the DEA's religious exemption petition process as "arbitrary and capricious" in violation of the Administrative Procedure Act ("APA"). Pet. for Rev. 7–8. It requested that we "hold unlawful, vacate, and enjoin the [DEA's] final agency decision" and mandate that the DEA "expeditiously issue the requested religious exemption."[6] *Id.* at 10–11.

The DEA moved to dismiss Soul Quest's petition for review as untimely. The agency argues in its motion that its April 16, 2021 letter denying Soul Quest's petition for a religious exemption was a final decision, after notice of which Soul Quest had 30 days to petition for review. Therefore, the agency contends, Soul Quest far exceeded this time limit by petitioning this Court on April 4, 2022.

We now consider the DEA's motion to dismiss.

## II.       DISCUSSION

The issue before us is whether Soul Quest's petition for review is timely. Both parties agree that the timeliness of the petition depends on when—and whether—the DEA's decision denying Soul Quest a religious exemption became final.

---

[6] Both parties briefed the merits of Soul Quest's petition. Because we decide that Soul Quest's petition for review was untimely, and therefore dismiss the petition, we do not reach the merits of Soul Quest's claims and do not discuss them further.

In *Soul Quest I*, we held that the DEA's decision denying Soul Quest a religious exemption was made under the CSA's Control and Enforcement subchapter and was therefore subject to 21 U.S.C. § 877. 2023 WL 8714320, at *12. Section 877 governs judicial review of "final" decisions made under the subchapter. It provides that:

> any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision.

21 U.S.C. § 877.[7]

To determine whether a DEA decision is final under § 877, other circuits have applied the test articulated in *Bennett v. Spear*, 520 U.S. 154 (1997). *See Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256–58 (9th Cir. 2022); *John Doe, Inc. v. DEA*, 484 F.3d 561, 566 & n.4 (D.C. Cir. 2007). *Bennett* interpreted the meaning of "final" agency action in the context of the APA and

---

[7] Although § 877 refers to final decisions of the Attorney General, the Attorney General has delegated his decision-making authority under the CSA to the DEA Administrator, except in specific circumstances. *See* 28 C.F.R. § 0.100(b). Here, the Attorney General has delegated to the DEA Administrator the authority to decide whether to grant a religious exemption to the CSA. *See id.*; *Soul Quest I*, 2023 WL 8714320, at *15 (noting that the CSA authorized the DEA to decide Soul Quest's petition for a religious exemption).

held that "[a]s a general matter, two conditions must be satisfied for agency action to be 'final.'" 520 U.S. at 177. First, "the action must mark the consummation of the agency's decisionmaking process" and "must not be of a merely tentative or interlocutory nature." *Id.* at 177–78 (internal quotation marks omitted). Second, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 178 (internal quotation marks omitted).

We are persuaded by the Ninth Circuit's reasoning, in applying *Bennett*, that the word "final" in § 877 is "analytically equivalent to the meaning of the same word in the APA." *Advanced Integrative Med. Sci. Inst.*, 24 F.4th at 1257 (internal quotation marks omitted). This reasoning honors the related-statutes canon of statutory construction, which says that statutes on the same subject should be interpreted harmoniously. *See* Antonin Scalia & Bryan A. Garner, *Reading Law* 252–53 (2012). We followed this rule ourselves in a recent case, in which we cited *Bennett* in support of our conclusion that an FCC action was final under the Hobbs Act, 28 USC § 2342(1). *Consumers' Rsch., Caused Based Com., Inc.*, 88 F.4th 917, 922–23 (11th Cir. 2023). To harmonize our interpretation of the finality of agency action across statutes, we apply the *Bennett* conditions to assess finality under § 877, too.

Applying the *Bennett* conditions to the DEA's April 16, 2021 letter denying Soul Quest's petition for a religious exemption, we conclude that it was a final decision. First, the decision marked the consummation of a months-long process during which the DEA

evaluated Soul Quest's desired use of ayahuasca. And the decision was not tentative or interlocutory: it finally disposed of Soul Quest's petition for a religious exemption. Second, the decision definitively determined Soul Quest's rights: it affirmatively denied Soul Quest the right to use ayahuasca legally. *See John Doe, Inc.*, 484 F.3d at 566–67 (concluding that DEA's denial of importation permit was final action that clearly determined permit-seeker's rights). Both *Bennett* conditions were met when the DEA's decision was transmitted to Soul Quest on April 16, 2021; thus, the decision was final on that date.

We turn now to when the petition was due. Section 877 affords petitioners "thirty days after notice" of a final decision to petition for review.[8] 21 U.S.C. § 877. We must, therefore, determine when Soul Quest received notice of the DEA's denial. Soul Quest previously acknowledged that it received the DEA's decision letter on the same day it was sent, April 16, 2021. But even if we do not hold Soul Quest to its acknowledgment, it undoubtedly was aware

---

[8] The DEA argues that this time limit is jurisdictional and thus admits of no equitable exception. But we have recognized that another statute establishing the deadline for petitioning for review of a final agency decision was not jurisdictional. *See Corbett v. Transp. Sec. Admin.*, 767 F.3d 1171, 1178 (11th Cir. 2014) (concluding that 60-day deadline to petition for review of Transportation Security Administration decision was not jurisdictional). Nevertheless, we need not decide whether § 877's time limit is jurisdictional because, as we explain below, even assuming that the time limit is not jurisdictional and thus subject to equitable tolling, Soul Quest has established no basis for equitable tolling here.

of the decision by May 7, 2021, when it attached the DEA's letter to a district court filing.

Soul Quest's petition was due no later than 30 days after May 7, 2021—June 6, 2021. Thus, Soul Quest well exceeded the deadline for filing its petition for review—by roughly 10 months—when it petitioned this Court in April 2022. We conclude that the petition is untimely and ripe for dismissal.

Soul Quest nonetheless advances two arguments why its petition for review was timely. First, it argues that the DEA's decision became final only when the district court dismissed its third-amended complaint. Accepting this as the date of the final decision would render Soul Quest's petition for review timely. Second, Soul Quest argues that the DEA lacks the authority to make a final decision on a petition for a religious exemption; thus, there could be no final decision. We discuss each of Soul Quest's arguments in turn.

First, Soul Quest argues that the DEA's denial of its petition for a religious exemption was not final until March 4, 2022, the day the district court dismissed the church's pending challenges to the decision. Because the district court case was still pending when the DEA issued its decision letter, Soul Quest asserts, Soul Quest's legal rights and obligations were not finally determined until the case's dismissal.

We reject this argument. As an initial matter, the operative decision from which § 877's time limit runs is "a final decision of the [DEA]," not any subsequent challenge to that decision. 21

U.S.C. § 877. The finality of an agency decision is assessed when the decision was issued and does not change as the result of judicial review. *See Biden v. Texas*, 597 U.S. 785, 808–10 (2022); *Data Marketing P'ship, LP v. U.S. Dep't of Lab.* 45 F.4th 846, 854 (5th Cir. 2022) ("An [agency] action is either final or not."). And we have already concluded that the DEA's decision was final. Even if Soul Quest's district court challenge had been successful and the court had allowed the church to use ayahuasca, the DEA's April 16, 2021 letter still would have been the final decision for purposes of a petition for review under 21 U.S.C. § 877.

In addition, there is no equitable reason to toll the time limit to accommodate Soul Quest's foray into district court. We have said that "dogged prosecution of [a] petition in the district court is not a reasonable ground to excuse [a] failure to file [a] petition on time in this Court." *Corbett v. Transp. Sec. Admin.*, 767 F.3d 1171, 1178–79 (2014). Soul Quest chose to pursue its claims in district court and wait to file this petition for review until after the district court dismissed its case.[9] When a petitioner chooses this course of action, we generally do not excuse delay based on a

---

[9] We note that Soul Quest disputes the DEA's contention that it "knowingly and intentionally chose to pursue a district court civil action *in lieu of* timely petitioning for review under 21 U.S.C. § 877." Resp. to Mot. to Dismiss 12 (internal quotation marks omitted). But what Soul Quest admits to doing is not meaningfully different. The church acknowledges that it waited until the district court ruled before filing the instant petition for review, erroneously reasoning that the DEA's decision was not final until then. Whatever Soul Quest's reasons for waiting to file the petition, its conscious choice caused the delay.

"misapprehension of the law" unless the petitioner claims that the agency caused its confusion. *Id.* at 1179 (internal quotation marks omitted). Soul Quest has not argued any such confusion here. We cannot toll § 877's time limit for Soul Quest's "quixotic pursuit of the wrong remed[y]." *Id.* (internal quotation marks omitted).

Second, Soul Quest argues that the DEA lacked the authority to make a final decision on its petition for a religious exemption, and, therefore, the DEA's decision was not final. We reject this argument, too. Although Soul Quest styles this argument as one regarding finality, it in fact addresses the merits of the DEA's decision. The conditions that we consider when determining whether an agency decision is final, discussed above, do not include the agency's authority to make the decision.

To the extent we consider Soul Quest's argument that the DEA exceeded its authority, we conclude that it is foreclosed by *Soul Quest I*, in which we determined that the DEA's decision was "well within" the agency's authority. 2023 WL 8714320, at *12; *see also id.* at *15 ("[T]he DEA's authority to decide Soul Quest's petition for a religious exemption came from the CSA because the CSA is the source of the DEA's authority both to prohibit Soul Quest from handling ayahuasca and to allow it to do so under the CSA's registration provisions.").

The DEA's denial of Soul Quest's petition for a religious exemption to the CSA became final no later than April 16, 2021. Because Soul Quest failed to petition for review within 30 days after

it received notice of that decision, its petition was untimely. We therefore grant the DEA's motion to dismiss.[10]

### III.    CONCLUSION

The DEA's motion to dismiss is GRANTED, and this appeal is DISMISSED.

---

[10] Soul Quest has asked that, if we find its petition untimely, we transfer the petition to another court to review under 28 U.S.C. § 1631. But we cannot transfer the petition, specifically *because* it was untimely. Section 1631 provides for the transfer of actions filed in the wrong court, dictating that when a petition for review is filed in a court that does not have jurisdiction to review it, that "court shall, if it is in the interest of justice, transfer [the petition] to any other such court . . . in which the [petition] could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, the plain language of § 1631 does not permit the transfer of an untimely petition for review such as Soul Quest's because the petition could not have been brought in another court "at the time it was filed or noticed." *Id.*; *see De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 616–18 (2d Cir. 2007).